UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-*against*-

LAMONT EVANS, EMANUEL
RICHARDSON, a/k/a "Book," ANTHONY
BLAND, a/k/a "Tony," CHRISTIAN
DAWKINS, and MERL CODE,

Defendants.

**ORDER**

17 Cr. 684 (ER)

RAMOS, D.J.:

Before the Court is Christian Dawkins and Merl Code's (collectively, "Defendants")

motion to modify the protective order in this case to partially unseal discovery for use in a civil

proceeding.  Doc. 330.  For the reasons discussed, Defendants' motion is DENIED.

I.      **BACKGROUND**

Brian Bowen II, a nonparty, has brought suit against Dawkins and Code, as well as

several other parties, in a civil case in the District of South Carolina.  *See Brian Bowen II v.*

*Adidas America, Inc., et al.*, 18 Civ. 3118 (JFA) (D.S.C.) ("*Bowen*").[1]  The allegations in *Bowen*

address many of the same facts underlying this case:  Bowen has alleged that Defendants

engaged in a pattern of racketeering activity relating to the recruitment of high school athletes to

universities sponsored by Adidas.  *See* Doc. 330 at 3–4.  Bowen has requested discovery material

from Dawkins that was subject to the protective orders in this case and in *United States v. Gatto*,

No. 17 Cr. 686 (LAK), a related criminal proceeding in this District.  *Id.* at 4.  Dawkins indicated

---

[1] While Bowen cannot formally join this motion because there is no procedural mechanism under the Federal Rules of Criminal Procedure for him to intervene to do so, Defendants have indicated that their motion "incorporates the views and position of Mr. Bowen," who seeks the same relief as Defendants.  Doc. 330 at 5.

that he could not produce the material because it was subject to these protective orders.  *Id.*

Bowen then filed a motion to compel the production of this material.  *Id.*  Following a hearing on

the motion, the Honorable Joseph F. Anderson Jr. entered an order on February 5, 2021,

instructing Bowen and Dawkins to jointly file a motion for modification of the protective order

in this case and in *Gatto*.  *See* Doc. 330-2 at 3.  Judge Anderson indicated that, were the request

granted, he would implement a substantively similar protective order in the *Bowen* litigation.  *Id.*

This motion followed.  On April 15, 2021, the Honorable Lewis A. Kaplan denied a

substantively similar motion in *Gatto*.  *See* No. 17 Cr. 686 at Doc. 352.

## II.    LEGAL STANDARD

Under Fed. R. Crim. P. 16(d)(1), a court may, "for good cause, deny, restrict, or defer

discovery or inspection, or grant other appropriate relief."  The Second Circuit has not directly

addressed the meaning of "good cause" in the context of modification of a protective order in a

criminal case.  *See United States v. Calderon*, No. 15 Cr. 25 (JCH), 2017 WL 6453344, at *2 (D.

Conn. Dec. 1, 2017).  However, courts in the Circuit have generally applied the same standard

that exists in civil cases.  *See United States v. Maxwell*, No. 20 Cr. 330 (AJN), 2020 WL

5237334, at *1 n.2 (S.D.N.Y. Sept. 2, 2020) (collecting cases).  In civil cases, there is a "strong

presumption against the modification of [a] protective order[]" if the parties to a protective order

have reasonably relied on it.  *Calderon*, 2017 WL 6453344, at *3.  If reliance is shown and the

presumption applies, then the protective order should not be modified "absent a showing of

improvidence in the grant of [the order] or some extraordinary circumstance or compelling

need."  *Martindell v. Int'l Tel. & Tel. Corp.*, 594 F.2d 291, 296 (2d Cir. 1979).

## III.   DISCUSSION

Defendants argue that the discovery material sought is relevant to their defenses in the

*Bowen* litigation, while Bowen believes that this discovery will assist him in establishing the elements of RICO liability.  Doc. 330 at 6–7.  The Government opposes this motion, stating that modification of the protective order would intrude on witnesses' privacy interests and frustrate the purpose of the protective orders.  Doc. 332 at 3–4.

The Court finds the Government's argument more persuasive.  As a threshold issue, the Government has compellingly argued that the presumption against modifying protective orders applies.  First, the protective orders in these cases "were not blanket orders, but were limited to certain categories of information."  Doc. 332 at 3, *cf. In re Ethylene Propylene Diene Monomer (EPDM) Antitrust Litig.*, 255 F.R.D. 308, 319 (D. Conn. 2009) ("A blanket protective order is more likely to be subject to modification than a more specific, targeted order.").  Similarly, the language of the order itself weighs against modification insofar as it provides that the documents shall be used "only for purposes of preparing for and conducting pretrial proceedings, trial, and/or any appeal of this action," and that all such documents "must be destroyed or returned to the Government's attorneys at such time as they are not needed in this action, at the end of the criminal proceedings . . . or upon Order of the Court, whichever occurs first."  Doc. 82 at ¶ 2(a), (d).  Third, the Government "relied on [the protective] orders to produce materials in an expeditious and un-redacted fashion," which the court in *Calderon* found persuasive in making a finding of reliance under similar circumstances.  *See* Doc. 332 at 3; 2017 WL 6453344, at *4–5.  These factors sufficiently weigh toward a finding of reliance on the protective orders.[2]

Defendants have not shown "improvidence . . . or some extraordinary circumstance or compelling need" to overcome the presumption against modifying the protective order.  *See*

---

[2] The remaining factor assessed in *Calderon*, the nature of the materials, is difficult to assess in this case because the Court does not have the precise discovery requests or responsive documents before it.  *See* 2017 WL 6453344, at *5.  However, even if this factor weighed in Defendants' favor, the Court would still find that the presumption against modifying the protective order applies.

*Martindell*, 594 F.2d at 296.  Indeed, while the parties have argued that the material would be relevant to each of their claims and defenses, counsel for Dawkins has also indicated that such material is "arguably cumulative."  Doc. 330-1 at 10:8–9.  Without more information about why the parties' need for this evidence is extraordinary or compelling, the Court cannot find that this need outweighs the significant privacy interests of third parties.  *See S.E.C. v. Rajaratnam*, 622 F.3d 159, 184–85 (2d Cir. 2010) (when a plaintiff in a civil proceeding seeks intercepted materials from another criminal proceeding, the court must balance the need for materials against others' privacy interests).  While the prospect of a similar protective order in *Bowen* somewhat mitigates these concerns, the Government correctly observes that some of the protected information could still become public.  Moreover, as Judge Kaplan noted in his order, the parties in *Bowen* are free to continue their efforts—which appear to have been significant—to obtain relevant information from third parties.  *See* No. 17 Cr. 686, Doc. 352 at 2.

The Court appreciates Judge Anderson's courtesy in offering to implement a similar protective order in *Bowen*, as well as his concerns for comity.  However the Court finds that the totality of circumstances weigh against granting Defendants' motion.

## IV.    CONCLUSION

For the foregoing reasons, the Court DENIES Defendants' motion to modify the protective order in this case.  The Clerk of Court is respectfully directed to terminate the motion, Doc. 330.

It is SO ORDERED.

Dated:   April 19, 2021
         New York, New York

_____
            EDGARDO RAMOS, U.S.D.J.